WATKINS *v.* CITY OF BROOKHAVEN.

[99 So. 363. No. 23926.]

(Division B. March 10, 1924.)

1. SUNDAY. *Repairing driveway of public garage held not "work of necessity."*

   Under section 1102, Hemingway's Code (section 1366, Code of 1906), made by ordinance a municipal law, the repairing of a driveway to a public garage is not a work of necessity which may be done on Sundays, nor does it fall under any of the exceptions in the statute; the business not being affected with a public use.

2. MUNICIPAL CORPORATIONS. *Municipality may adopt state laws against misdemeanors by blanket ordinance.*

A municipality may adopt the laws of the state amounting to mis-
demeanor only by a general or blanket ordinance under section
3410, Code of 1906 (section 5940.  Hemingway's Code), making
such offenses, when committed within the territorial limits of
the city, offenses against the city.

APPEAL from circuit court of Lincoln county.
HON. E. J. SIMMONS, Judge.

*Naul & Yawn,* for appellant.

The city had no ordinance against laboring on Sun-
day, but introduced a blanket ordinance declaring of-
fenses under the penal laws of the state of Mississippi,
amounting to a misdemeanor, to be offenses against the
city of Brookhaven, and because of this ordinance, the
city demands conviction of appellant under chapter 25,
Laws of 1917, section 1102, Supplement to Hemingway's
Code.  We submit that the city cannot enact criminal
laws in this way.

Appellant was engaged in operating a garage and gaso-
line station.  Said garage and gasoline station had been
in operation for only a few days.  The driveway lead-
ing to the same, on account of mud, rain, etc., had become
impassable, and vehicles and automobiles stuck in a
certain mud hole, and it became necessary to have said
hole filled.  On Saturday, the day before the occurrence
for which appellant is being prosecuted, appellant made
arrangements with one, Moore, to haul some cinders and
put in said hole; said Moore hauled some cinders on said
Saturday and placed in said hole, but a rain came up
and he could not complete the job; and putting it strong-
est against appellant, he requested said Moore to put
more cinders therein on Sunday morning, which was
done, that is, three loads were placed therein, being
hauled in a truck, about one hundred feet from behind
the premises of appellant.  It was necessary to place
said cinders in said hole in order to use said driveway

and operate said garage and gasoline station on said Sunday.

This is excused under the law of the state as being a work of necessity, as provided for by section 1102, and second because pertaining to the operation of a garage and gasoline station, it is not penalized under said section. We refer the court to *Merchants Wharf Boat Ass'n v. Wood, et al.,* 2 So. 76, a civil case in which suit was filed for damages because of the failure to load cotton on Sunday. The public had a right to patronize appellant's garage and gasoline station; the invitation was given them, and had appellant left said driveway as it was, and any one happened to be caused damage thereby, appellant would certainly have been liable for the damage. Hence he had the right, for this reason, to repair it on Sunday.

By reference to the affidavit herein, it will be seen that appellant is charged with wilfully violating the Sunday Observance Laws. There is not a word of evidence in this case that goes to show a wilful intent. Nothing is shown except that appellant was acting with the best intent.

Note: No brief for appellee was found in this record.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was convicted of violating the Sunday law. The work which the appellant had done on Sunday was hauling cinders to put upon the entrance to his garage in the city of Brookhaven. It is contended here it was a work of necessity to enable the public to get into the garage to secure gasoline, etc. The ordinance in question was a general ordinance adopting all of the state laws amounting to misdemeanors only as ordinances of the city by a general or blanket ordinance which it is claimed cannot be done. *Merchants' Wharf Boat Ass'n v. Wood,* 64 Miss. 661, 2 So. 76, 60 Am. Rep. 76, is relied upon to show that the entrance may be repaired as a matter of necessity. It is contended that the sale of gasoline and motor oils may be lawfully made on Sun-

day, and that in order to conduct the business authorized to be done on Sunday it is permissible to prepare the entrance to the premises so that the public can get to the place of business. This does not follow necessarily. It is quite a different thing to sell gasoline and to perform labor of the kind here done. A sale of gasoline is not affected with any public use, and the seller is under no obligation to sell on Sunday, and certainly he cannot have the work of the kind here done on Sunday without violating the Sunday law.

This court has often decided that the misdemeanor statutes of the state may be adopted by the municipalities of the state as ordinances of a city by blanket ordinances. See section 5940, Hemingway's Code (section 3410, Code of 1906), and annotations thereto.

*Affirmed.*